**Bradley YARITZ, Respondent,**

v.

**Mark DAHL, Appellant.**

**No. CO–85–227.**

Court of Appeals of Minnesota.

May 14, 1985.

Robert A. Blaeser, Blaeser & Johnson, P.A., Minneapolis, for appellant.

John A. Kottke, St. Paul, for respondent.

Considered and decided by PARKER, P.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

This is an appeal by appellant Mark Dahl from a summary judgment award to respondent Bradley Yaritz on the ground that there was no material fact issue as to whether the parties' subsequent conduct modified their written agreement. We affirm.

## FACTS

In April 1981, Dahl began a sole proprietorship called Investment Consulting Service (ICS). ICS was set up primarily for the purpose of selling life and health insurance. Dahl hired several sales people who worked on commission. In late 1981, he hired Yaritz as a salesperson. Subsequently, on February 16, 1982, Dahl and Yaritz entered into an agreement whereby Yaritz paid Dahl $5,900 as partial payment for a 49% interest in Dahl's business. The agreement further stated:

> Total contract = 10,000.00 payable in total 30 day [sic] from today, or contract is void. Mark Dahl will refund—5,900 in 90 days.

There is no other evidence concerning the sale of the 49% interest of ICS to Yaritz. There is no evidence of other documents or conversations between Dahl and Yaritz. Yaritz never paid Dahl the balance of the $10,000 which was due 30 days after the parties entered into the February 16 agreement.

On March 4, 1982, Yaritz gave Dahl $900 and both parties signed a promissory note whereby Dahl agreed to pay Yaritz that same amount. The total amount of the note was due on April 15, 1982. Dahl never paid Yaritz the $900. ICS never made a profit and the business was terminated in April 1982.

Yaritz brought this action to collect $6,800 from Dahl: $5,900 pursuant to the refund provision in the February 16 agree-

ment and $900 pursuant to the March 4 promissory note. After some discovery, Yaritz moved for summary judgment on the grounds that there were no material facts in dispute and that he was entitled to judgment as a matter of law. The trial court granted Yaritz' motion based on its conclusions that the February 16 agreement is clear, unambiguous and enforceable. Since Yaritz did not pay the $4,100 balance due on the contract price within 30 days after February 16, the contract was void and Dahl was obligated to reimburse the $5,900 that Yaritz had already paid on the contract. The trial court further concluded that the March 4 promissory note is an enforceable negotiable instrument. Dahl appeals from the award of summary judgment, alleging that the subsequent conduct of the parties modified their February 16 agreement.

## ISSUE

Did the trial court properly grant Yaritz summary judgment on his claim against Dahl?

## ANALYSIS

■ The function of a court reviewing a summary judgment award is to determine whether there are any genuine issues of material fact for trial and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). All doubts and factual inferences must be resolved in favor of Dahl, the nonmoving party. *Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn. 1981).

Dahl contends on appeal that a material fact issue exists concerning whether the parties subsequently agreed to modify their February 16 agreement. Dahl claims that the parties' conduct shows that they modified their agreement in such a way that the sale of the 49% interest in ICS was no longer contingent upon Yaritz' payment of the remaining balance due on the con-

tract. Consequently, argues Dahl, the provision which required him to refund the $5,900 was inoperative. Dahl appears to argue that the parties' subsequent modification made Yaritz owner of 49% of ICS despite the fact that he had only paid $5,900 of the $10,000 contract price.

■ It is well settled that the conduct of contracting parties may be evidence of a subsequent modification of their contract. *Wolpert v. Foster,* 312 Minn. 526, 254 N.W.2d 348, 352 (1977); Williston on Contracts § 623, at 815–16 (3d ed. 1961).

The conduct which Dahl relies upon is Yaritz' participation in the managerial aspects of ICS after the February 16 agreement was entered into. There is evidence that Yaritz personally paid the full-time secretary's salary for two weeks sometime in late February or March of 1982. Yaritz may have also paid for other business expenses. With respect to the March 4 promissory note, Dahl testified in his deposition that the March 4 transaction was not a loan; rather it was partial payment of the balance due on the February 16 agreement.[1] Dahl contends that these facts indicate that Yaritz acted like an owner of the business, not an employee, and that this conduct is evidence that the parties modified their February 16 agreement.

■ For purposes of our review, we assume that the facts which Dahl asserts are true. Thus, the issue before us is whether those facts could establish that the parties agreed to modify the February 16 agreement. We agree with the trial court that Yaritz' participation in managing ICS could not in itself demonstrate that the parties modified their February 16 agreement. The fact that Yaritz participated in managing ICS after the 30 days had passed (during which he was to pay the balance due on the contract) does not establish that the parties modified their agreement such that Dahl was relieved of his obligation to refund Yaritz the $5,900 that Yaritz had

---

1. We are puzzled by this view of the March 4 transaction. If the March 4 transaction was in fact partial payment of the balance due on the

February 16 agreement, then it is unclear why Dahl gave Yaritz a promissory note in return for the partial payment.

paid him on February 16. Further, the record is barren of any other evidence which would indicate that the parties modified their February 16 agreement and waived the refund provision. Since Dahl did not present sufficient relevant facts to demonstrate an issue of material fact on whether the parties modified their February 16 agreement, the trial court did not err in its application of the law. Summary judgment was properly granted.

### DECISION

No material factual issue exists concerning whether the parties' subsequent conduct modified their agreement. The trial court properly granted summary judgment.

Affirmed.